IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Banking & Trust Company, | C/A No. 3:13-cv-1318-JFA |
| Plaintiff, | |
| vs. | |
| Technology Solutions, Inc.; Cathy G. Lanier; and Randy D. Lanier, | **ORDER** |
| Defendants. | |

This matter is again before the court on the motion of Defendant Cathy G. Lanier, as agent and sole shareholder of Defendant Technology Solutions, Inc. (TSI). *See* ECF No. 18. In this motion, Mrs. Lanier requests that the court reconsider its earlier decision denying her request to represent TSI pro se. *See* ECF No. 15. As discussed in more detail below, the court is constrained by precedent to deny this motion, but the court will construe Mrs. Lanier's efforts thus far as an appearance by TSI in this case.

First, Mrs. Lanier avers that although she has been able to locate licensed counsel willing to represent TSI, neither she nor TSI can afford to hire such counsel. Mrs. Lanier states that "Defendant TSI and Defendants Laniers [sic] appear in this case *in forma pauperis*, and ask the court to recognize and grant that status, and not allow their absence of financial resources to result in their having poor or no access to the Courts." ECF No. 18 at 2. This request is denied. As an initial matter, the Supreme Court has held that artificial entities, such as corporations, are not "persons" for purposes of eligibility to proceed in forma pauperis under the statute which governs proceedings in forma pauperis, 28 U.S.C. § 1915. *See Rowland v. Cal. Men's Colony*, 506 U.S.

194, 203 (1993). Thus, the court cannot grant pauper status to TSI. Moreover, Defendants Lanier have not complied with § 1915. This statute grants this court the discretion to grant pauper status to a person in a civil case, thus exempting the person from *prepayment* of certain fees and costs related to the proceeding.[1] However, the court may only do so where that person submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id.* § 1915(a)(1). Also, "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id.* Thus, the court cannot grant pauper status to Defendants Lanier at this time, but the court grants them leave to file the required affidavit if appropriate.

Next, Mrs. Lanier represents that this case presents special considerations which warrant her being allowed to represent TSI pro se. For example, she appears concerned that, without TSI having legal representation, the clerk would enter default judgment against TSI, and this would result in undue and unusual hardship to Defendants Lanier and to current employees of TSI. In support of her motion, Mrs. Lanier cites several cases she argues are examples of courts allowing parties to represent a corporation pro se because of special circumstances.

The cases Mrs. Lanier cites, which in any event are not binding on this court, do not support the proposition that this court can allow Mrs. Lanier to represent TSI pro se in this action.[2] In *Lexis Nexis v. Travishan Corp.*, 573 S.E.2d 547, 549 (N.C. Ct. App. 2002), the North Carolina Court of Appeals considered whether, under North Carolina law, "a corporation may be represented *pro se* by its agent, even where its agent is the CEO, president, chairman of the board, and sole shareholder." That court noted two exceptions to the general rule that a corporation may

---

[1] The court cautions the Defendants that pauper status, even if granted, would not necessarily prevent them from ultimately having to pay such fees and costs. Moreover, pauper status would not entitle them to represent TSI pro se.
[2] Mrs. Lanier also cites 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This statute likewise does not support Mrs. Lanier's motion. The Fourth Circuit has held that this statute does not allow an individual to represent a corporation pro se. *See In re Tamojira, Inc.*, 20 Fed. App'x 133, 133–34 (4th Cir. 2001).

not be represented pro se, stating (1) that a corporation may represent itself in cases in small claims court and (2) that a corporation "may make an appearance in court through its vice-president and thereby avoid default." *Id.* (citing *Roland v. W&L Motor Lines, Inc.*, 231 S.E.2d 685 (N.C. Ct. App. 1977)).   However, the court of appeals also explained "the substantial difference between permitting a corporation to make an appearance and permitting a corporation to practice law," and it held that "a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se* unless doing so in accordance with the exceptions set forth in this opinion." *Id.*   Therefore, this decision does not alter the rule this court cited in its previous Order, and Mrs. Lanier cannot represent TSI pro se in this litigation.   *See Rowland*, 506 U.S. at 201–02; *Asbaugh v. Corp. of Bolivar*, 481 Fed. App'x 840, 841 (4th Cir. 2012).

Mrs. Lanier also cites *Willheim v. Murchison*, 206 F. Supp. 733 (S.D.N.Y. 1962).   In this case, in the context of "the unique nature of a derivative stockholders action," the court held that a shareholder of a corporation was allowed to bring a shareholder derivative action pro se.   *Id.* at 736.   As the court recognized, however, a shareholder derivative action "is the action of the stockholder even though it may be brought for the benefit of the corporation."   *Id.*   In contrast, the instant case is not a shareholder derivative action.   Rather, it is a suit by Plaintiff on a promissory note and certain mortgages.   Therefore, *Willheim* is not persuasive.

Notwithstanding the above, the court is willing to construe Mrs. Lanier's efforts on behalf of TSI as an appearance by TSI in this litigation.   *Cf. Mobil Oil Co. de Venezuela v. Jimenez*, 948 F.2d 1282, 1991 WL 237794, at *3 (4th Cir. 1991) (stating that "a general appearance will arise by implication as a result of any objective manifestation of an intent to defend or contest the action on the part of the defendant" (citing *W&L Motor Lines*, 231 S.E.2d at 687)).   By TSI appearing in this case, the Clerk of Court is prevented from entering a default judgment against TSI under FED.

R. CIV. P. 55(b)(1).  If TSI cannot locate an attorney and defaults in this litigation, Plaintiff must apply to this court for entry of a default judgment against TSI.  FED. R. CIV. P. 55(b)(2).  If this occurs, the court will hold a hearing to determine whether default judgment should be entered against TSI.

Based on the above, to the extent she continues to seek to represent TSI pro se in this action, Mrs. Lanier's motion for reconsideration is denied.  The court deems TSI to have appeared in this case such that default judgment may not be entered against it by the Clerk of Court, but this court again cautions Defendants Lanier that TSI may not be represented pro se in the ensuing litigation.

IT IS SO ORDERED.

July 3, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge