IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Bank and Trust Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Cathy G. Lanier and Randy D. Lanier,<br><br>　　　　　Defendants. | C/A No. 3:13-cv-01318-JFA<br><br><br>**ORDER** |

In this foreclosure case, the *pro se* defendants, Cathy G. Lanier and Randy D. Lanier ("Laniers), have moved this court for leave to amend their answer and counterclaims. ECF Nos. 126, p. 6–7; 127, p. 6–7. Specifically, the Laniers seek a period of 60 days after discovery is completed to file such amendments. *Id.*

Rule 15(a) of the Federal Rules of Civil Procedure provides that if "the action has not been placed upon the trial calendar, the party may . . . amend [as a matter of course] at any time within 20 days after it is served." Otherwise, a party may only amend the pleading "by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Leave to amend under Rule 15(a) shall be given freely absent any apparent reason, such as bad faith, undue prejudice to the opposing party, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

Here, the deadline for amendments to pleadings set by this court has long since expired. As in all cases, it is set early in litigation to permit discovery of all issues and all potential parties. Allowing the Laniers to amend their pleadings—whether their answer or their counterclaims or both—after the close of discovery would cause undue prejudice to the opposing party, Branch Bank and Trust Company ("BB&T"). The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters that might aid a party in the preparation or

presentation of its case. Amending the pleadings after this preparation would render discovery meaningless.

Accordingly, this court hereby denies the Laniers' request for leave to amend their answer and counterclaims. Additionally, this court denies the Laniers' request to remove this case from the March and April, 2014, term of court. This case will go to trial during the two-month term of court beginning March 4, 2014. The parties and their witnesses should plan their schedules, including vacations, accordingly. The court will rule on BB&T's motion for reconsideration once it is fully briefed.

IT IS SO ORDERED.

January 9, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge