IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Bank and Trust Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Technology Solutions, Inc.; Cathy G. Lanier; and Randy D. Lanier,<br><br>　　　　Defendants. | C/A No. 3:13-cv-01318-JFA<br><br>**ORDER** |

In this foreclosure action, Branch Bank and Trust Company ("Plaintiff") has moved this court to reconsider a portion of the order entered November 13, 2013, ECF No. 91, which denied both Plaintiff's motion for summary judgment, ECF No. 28, and Cathy G. Lanier's and Randy D. Lanier's (collectively, "Defendants") motion for summary judgment, ECF No. 24. *See* ECF No. 98. Specifically, Plaintiff seeks reconsideration of the part of the order that denied summary judgment for Plaintiff as to Defendants' counterclaim. *Id.* Defendants oppose the motion. ECF No. 126. For reasons set forth below, the court grants Plaintiff's motion.

I.　　PROCEDURAL BACKGROUND

Plaintiff initiated this foreclosure action in this court on May 15, 2013, against Technology Solutions, Inc., ("TSI")[1] and Defendants. On June 7, 2013, Defendants, who are proceeding *pro se*, filed a pleading entitled Verified Answers. ECF No. 11. The pleading contained Defendants' answers to the individual allegations in the complaint, as well as a section entitled Affirmative Defenses in which Defendants raised several equitable defenses, including

---

[1] On December 17, 2013, the court entered a default judgment against TSI, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, for failure to file a responsive pleading or to make another appearance in the case. ECF Nos. 115–16.

1

estoppel, res judicata, unconscionability, laches, and unclean hands. *Id.* at 12–16. In the paragraph raising reliance-based estoppel and unconscionability, Defendants also alleged the existence of a promise to provide them funding, and they requested affirmative relief, seeking "damages commensurate with the contract income that had to be turned down due to Plaintiff's failure to deliver on its promise." *Id.* at 13. At the conclusion of Defendants' pleading, their prayer for relief also included a request for "[d]amages commensurate with revenue lost when contracts could not be implemented due to [Plaintiff]'s failure to deliver on prior verbal promises." ECF No. 11, p. 16.

Because of these requests for damages, Plaintiff construed Defendants' pleading as to include a counterclaim and filed a Reply on June 10, 2013, denying Defendants' factual allegations while also asserting defenses to the counterclaim, including failure to state facts sufficient to constitute a cause of action, waiver, and failure to provide a writing under S.C. Code Ann. § 37-10-107. ECF No. 14. Subsequently, on July 8, 2013, Defendants filed a document labeled Response to Reply/Response to Affirmative Defenses/Motion for Summary Judgment. ECF No. 24. Defendants appeared to seek summary judgment on Plaintiff's affirmative defenses raised in the reply to Defendants' counterclaim and on the allegations in the complaint. *Id.* Plaintiff responded in opposition on July 24, 2013. ECF No. 27. The next day, Plaintiff filed its own motion, seeking summary judgment on the allegations in the complaint and on the counterclaim in Defendants' answer. ECF No. 28. Plaintiff again asserted failure to state facts sufficient to constitute a cause of action, waiver, and failure to provide a writing under S.C. Code Ann. § 37-10-107 as grounds for granting the motion. *Id.* This time, however, Plaintiff also asserted that the applicable statute of limitations barred Defendants' counterclaim. *Id.* Defendants responded in opposition. ECF No. 60.

Once both motions for summary judgment were briefed, the court heard oral arguments on October 7, 2013. After taking the motions under advisement and considering Defendants' *pro se* nature, the court denied both motions. ECF No. 91. Now, Plaintiff moves for reconsideration, ECF No. 98, a move Defendants oppose. ECF No. 126. The court heard oral arguments on February 18, 2014.

## II.     LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must decide if the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). A court should grant summary judgment in those cases where it is perfectly clear that there remains no genuine dispute as to any material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

In a case with *pro se* litigants, a court should hold their pleadings to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court also is charged with liberally construing the *pro se* litigants' pleadings to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, this does not mean that a court must entertain claims for relief that have

no chance of success on the merits. *See Weller v. Dept. of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.   ANALYSIS

Plaintiff asserts five arguments in support of its motion for reconsideration:  First, that Defendants have failed to show a writing that meets the requirements of S.C. Code Ann. § 37-10-107; second, that the applicable statute of limitations has run on to the counterclaim; third, that the counterclaim only can be brought, if at all, by TSI, an entity that is in default; fourth, that Defendants have failed to establish facts in the record to support the elements of the asserted counterclaim; and, fifth, that Defendants have waived the asserted counterclaim.  The court will consider those arguments in turn.

### A.  Statute of Frauds

Under what is known as a lender statute of frauds, South Carolina law precludes certain actions on loans for money in the absence of a signed writing showing the promise or agreement. S.C. Code Ann. § 37-10-107; *Sea Cove Dev., LLC v. Harbourside Cmty. Bank*, 691 S.E.2d 158, 163 (S.C. 2010).  The statute of frauds provides, in relevant parts, that no person may maintain an action for failure to perform an alleged promise or agreement to loan money in excess of $50,000, unless the party bringing the action "has received a writing from the party to be charged containing the material terms and conditions of the promise, undertaking, accepted offer, commitment, or agreement and the party to be charged, or its duly authorized agent, has signed the writing."  S.C. Code Ann. § 37-10-107(1)(c).

Here, Plaintiff contends that Defendants' counterclaim fails as a matter of law because the alleged promise falls within the statute and because Defendants have not produced a writing signed by Plaintiff.  Defendants object, arguing that the statute does not apply because it

4

excludes certain documents from the writing requirement, including promissory notes and real estate mortgages.  *See* S.C. Code Ann. § 37-10-107(3).

The court finds Plaintiff's argument persuasive.  Defendants have alleged that Plaintiff made "a promise to Defendants to provide funding."  ECF No. 11, p. 13.  At the hearing on February 18, 2014, Defendants also told the court that the alleged promise involved receiving a loan for $250,000.  These facts place the alleged promise squarely within the statute of frauds.  Furthermore, in contrast to Defendants' argument, the alleged promise does not fall under one of the exceptions in the statute.  Rather, the exceptions to the writing requirement in the statute are recognition that lenders do not typically sign the actual documents containing promissory notes and real estate mortgages.  In other words, the writing requirement in the statute protects lenders from claims based on purported oral promises, while the exceptions protect debtors from lenders not extending credit for the sole reason that a note or a mortgage is not signed by the lenders.  *See* John L. Culhane, Jr., and Dean C. Gramlich,[2] *Lender Liability Limitation Amendments to State Statutes of Frauds*, 45 Bus. Law. 1779, 1796 (1990) ("Such laundry lists are intended to exclude only the agreements listed; an oral promise surrounding the execution of a promissory note, mortgage, security agreement, guaranty agreement, surety agreement, or letter of credit should still be subject to the provisions of the statute.").

In light of the new facts on the record, the court finds that Defendants' counterclaim falls within the statute of frauds.  In the absence of a writing signed by Plaintiff, the claim fails as a matter of law.  Although this is sufficient grounds upon which to grant Plaintiff's motion, the court also considers Plaintiff's next claim.

---

[2] John L. Culhane was the chairman of the Task Force on Lender Liability Limitation Amendments to the State Statutes of Frauds, and Dean C. Gramlich was a member of the Task Force on Lender Liability Limitation Amendments to State Statutes of Frauds.

**B. Statute of limitations**

A breach of contract claim must be brought within three years from the date it accrues. S.C. Code Ann. § 15-3-530(1). Under the discovery rule, a breach of contract action accrues on the date an injured party either discovered the breach or should have discovered the breach through the exercise of reasonable diligence. *State v. McClinton*, 631 S.E.2d 895, 898 (S.C. 2006). An injured party should have discovered a cause of action through the exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist. *Benton v. Roger C. Peace Hosp.*, 443 S.E.2d 537, 539 (S.C. 1994) (citing *Snell v. Columbia Gun Exch., Inc.*, 278 S.E.2d 333 (S.C. 1981)). The test is objective. *Wiggins v. Edwards*, 442 S.E.2d 169, 170 (S.C. 1994).

The statute of limitations is an affirmative defense, meaning that the party asserting it generally bears the burden of affirmatively pleading its existence. *See* Fed. R. Civ. P. 8(c); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). The Fourth Circuit Court of Appeals has held that a party waives its right to assert the statute of limitations when it fails to raise it in the responsive pleading *and* the other party demonstrates that allowing the defense would cause prejudice and unfair surprise. *See Grunley Walsh U.S., LLC v. Raap*, 386 Fed. Appx. 455, 459 (4th Cir. 2010); *see also Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) ("[A]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion."), *overruled on other grounds, Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Here, Plaintiff argues that the statute of limitations bars Defendants' counterclaim. Plaintiff did not raise this affirmative defense in its answer to the counterclaim filed on June 10,

2013.  Instead, it first raised the defense in its pre-trial dispositive motion, the summary judgment motion filed on July 25, 2013.  In support of the defense, Plaintiff points to the August 6, 2009, correspondence from Defendants to Kelly King, then Plaintiff's chief executive officer.  In the letter, Cathy G. Lanier writes the following statements:

> a. "My company, Technology Solutions, Inc. (TSI) has been a BB&T customer for nearly all of its 20 years we have been in business;
>
> b. "BB&T worked with us on lines of credit and other financing . . . "
>
> c. "I have now been told by BB&T that there are no further options to get funding to bridge the gap until the new contracts start to pay off."
>
> d. "I met with Ms. [Donna] Scarboro and Randy Fox about two weeks ago and they told me they could no longer provide funds, nor could they support TSI's bank accounts going into overdraft. . . . there was no way they would consider giving us a bridge . . . "

ECF No. 98-1, p. 4 (citing letter filed with summary judgment motion, ECF No. 28-22).

At the hearing on February 18, 2014, Defendants confirmed for the first time that they knew on August 6, 2009, that Plaintiff had declined to lend them more funds.  However, Defendants argued that the action did not accrue on that date because they did not know then that they had a legal cause of action.  The court finds that argument unavailing.

Viewing the facts and circumstances from the perspective of a person of common knowledge and experience, this court finds that Defendants, through the exercise of reasonable diligence, would have discovered that a claim against Plaintiff might have existed at that time.  Thus, the action on the purported breach accrued no later than August 6, 2009.  Defendants did not file their counterclaim until June 7, 2013, which is well outside the three-year statute of limitations.  Furthermore, since Plaintiff first raised the statute of limitations defense, Defendants have not claimed—nor has the court found—that they suffered unfair surprise or prejudice so as to waive the defense.

Accordingly, in light of the facts now on record, the court finds that the applicable statute of limitations bars Defendants' counterclaim against Plaintiff.

### C. Plaintiff's remaining claims

Although liberally construing Defendants' pleadings, so as to give them the latitude they deserve as *pro se* litigants, the court finds that the Defendants' counterclaim has no chance of success on the merits in light of the findings above. Therefore, the court need not consider the parties' remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, the court hereby grants Plaintiff's motion for reconsideration and dismisses Defendants' counterclaim with prejudice.

IT IS SO ORDERED.

February 21, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge