IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Bank and Trust Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Technology Solutions, Inc.; Cathy G. Lanier; and Randy D. Lanier,<br><br>　　　　Defendants. | C/A No. 3:13-cv-01318-JFA<br><br>**ORDER** |

　　In this foreclosure action, this matter comes before the court on a motion to reconsider filed by the defendants, Cathy G. Lanier and Randy D. Lanier ("Defendants"). ECF No. 206. Specifically, Defendants move the court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider its order dated April 7, 2014. *Id.*

　　Altering or amending a judgment under Rule 59 "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). The Fourth Circuit Court of Appeals has held that such a motion only should be granted (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), and "[m]ere disagreement does not support a Rule 59(e) motion." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

In their motion, Defendant argue that (1) the "judgment interest rate is inconsistent with the federal judgment interest rate"; (2) the appraisal rights clause in the promissory note "is inconsistent with South Carolina law"; (3) the plaintiff, Branch Bank and Trust Company ("BB&T"), "failed to show a payment history"; (4) BB&T "failed to notify the mortgagee[1] of an assignment of the mortgage to an out of state entity"; (5) "engaged in bad faith dealings with the Defendants"; and (6) "failed to have a property owner sign the notes, voiding the negotiability of the promissory note and note modifications." ECF No. 206.

In the view of this court, Defendants' motion fails to meet any of the requirements under Rule 59, presenting neither new controlling law, nor new evidence, nor a clear legal error of this court. By contrast, the court finds that the motion is a frivolous attempt to further delay this action. In their motion, Defendants seek to argue marginal issues that could have been raised at trial, if at all; to reiterate arguments already fully briefed, argued, and decided by this court; and to present conclusory allegations that have no foundation in law. Accordingly, Defendants' motion to alter or amend the judgment is denied.

IT IS SO ORDERED.

May 7, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] The court construes "mortgagee" to mean mortgagor, considering BB&T is the mortgagee in the transaction.